UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DIEDERICH MAYORGA and all others )
similarly situated under 29 U.S.C. 216(B), )
)
       Plaintiff, )
vs. )
)
STAMP CONCRETE & PAVERS, INC. )
MOISES H PIZANA CHAVERO, )
)
       Defendants. )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, DIEDERICH MAYORGA on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, STAMP CONCRETE & PAVERS, INC., and MOISES H PIZANA CHAVERO, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant STAMP CONCRETE & PAVERS, INC. is a stamp concrete corporation that regularly transacts business within Palm Beach County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant MOISES H PIZANA CHAVERO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Palm Beach County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff worked for Defendants as a driver of materials for Defendants' stamp concrete business from on or about June 15, 2013 through on or about November 30, 2013.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to

the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the year 2012.

13. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2013 and is expected to exceed $500,000 for the year 2013.

14. Between the period of on or about June 15, 2013 through on or about November 30, 2013, Plaintiff worked an average of 98 hours a week for Defendants but was only paid an average of $25.00 per hour for the first 56 hours worked a week, was never paid the extra half time rate for the first 16 hours worked over 40 hours in a week, nor was Plaintiff paid at all for the remaining 42 hours worked over 40 hours in a week. Plaintiff therefore claims the half time overtime rate for the first 16 hours worked above 40 in a week and the time-and-a-half overtime rate for the remaining 42 hours worked above 40 in a week.

15. The above pay rate is based upon the agreement that between Plaintiff and Defendants that Plaintiff would work 8 hours per day at a rate of $25.00 per hour, but Plaintiff ended up working 14-hour work days instead.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair

Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                                Respectfully Submitted,

                                                J.H. Zidell, Esq.
                                                J.H. Zidell, P.A.
                                                Attorney For Plaintiff
                                                300 71st Street, Suite 605
                                                Miami Beach, Florida 33141
                                                Tel: (305) 865-6766
                                                Fax: (305) 865-7167

                                                By:__/s/ J.H. Zidell_____
                                                    J.H. Zidell, Esq.
                                                    Florida Bar Number: 0010121