Stamp Concrete and Pavers, Inc.

1331 S. Federal Hwy. #304

Boynton Beach, FL 33435                                    12/30/13

561-880-1527



J.H. Zidell, ESQ

J.H. Zidell, PA

300 71st St. Suite 605

Miami Beach, FL 33141


RE: Case #9:13-CV-81274-RSV

Diederich Mayorga VS: Stamp Concrete and Pavers, Inc.


We are writing in response to the above referenced lawsuit during the time period that was known as the "relevant time period" (June 15, 2013-November 30, 2013). Dierderich Mayorga did not work exclusively for Stamp Concrete and Pavers during that time period. From about 6/28/13- 8/16/13, he was an active employee of South East Personnel Leasing, Inc. He was leased to the client company, Profile USA for temporary assignment to work with us. With South East he worked an average of 2 days per week. He also worked for other companies during this "relevant time period". He lived in Miami and commuted over 100 miles to the West Palm Beach area, to work with us. He is a highly Skilled Concrete worker and Bob Cat Operator. To show our appreciation, we would pay for the gas, tolls and oil changes in his personal vehicle to help pay for the expenses of having to commute such a long distance each day to work with us. He was paid $200. Per day as well regardless if the day were 2 hours or 8 hours long.

With our Company he paid taxes and had the benefits of Workmen's Compensation as well as Unemployment benefits. We also paid for nearly every meal that he consumed on his work day. When the assignment with South East changed over to us, he worked for the same pay and would work an average of 3 days per week in the same job position. We don't know why Diederich has told you that he was a driver involved in "interstate commerce", as we don't engage in any interstate commerce. The only thing that he drove on the job would be a company pick up within the counties of Palm Beach, Dade, or Broward, or a Bob Cat on the job site. Furthermore, there was no agreement that he made $25.. per hour...Our records confirm a payroll of $200. Per day. . How he could claim that he worked 98 hours on a seven work week and accept less than half of his pay for a period of 3 months, is just unfounded and not the truth! While he worked with us he also worked for others as mentioned, we

know because he used to "borrow" our tools and equipment without our permission! We understood that Jerry needed to work every day of the week (even with others) because he has two separate households of woman and children that he helps support. A lot of responsibility for such a young man...But he is a very hard masonry worker, very skilled and in demand by employers for certain.

After he worked for us for a few months, he found out what another employee was making by snooping though confidential payroll checks from our company! He had a personal disliking for this particular employee and thought that we paid this guy too much which was $25. per day less than Diederich's daily pay). He complained about the matter often and became quite the disgruntled employee....Tensions between him and Moises became evident and matters just escaladed to him not being so available to work with us to finally just not showing up for work at all after a "night out on the town", that was on the 23rd. of November, 2013. He didn't call us that morning to say that he couldn't come in because of being too incoherent from the drinking...We thought that maybe something bad happened to him because he didn't answer the phone, so we started calling some of his work buddies in Miami....We were very concerned about him! AND, we had a customer waiting for him to show up to do a very custom Eurotile walkway in her yard! I don't think I should elaborate on how upset she was, but she was mad as can be and we took a lot of heat over his no show incident.

Finally he calls us in the latter part of the day, on 11/23/13, to tell us the story about the night before and then he becomes angry and argumentive with Moises over the telephone and tells him that he didn't want to work with the employee that he didn't like and that we should "figure something else out" and hung up. We both heard this conversation over the speaker phone in the car. That pretty much marked the end of his, working relationship with us at Stamp Concrete and Pavers. He never complained about his wages or overtime pay for his 3 day average work week.

After a few days, Diederich decides that he should probably get back on good terms with us so that we can give him more work. So, he calls and texts by phone to Moises for a few days afterward trying to apologize for all of the disrespect that he had recently shown him by all the complaining and not showing up to work. By then, we had lost our ability for fully trusting him to do the many VERY IMPORTANT duties of this business, which include having the integrity to show up for work and not snoop through company payroll records, and stir up a lot of gossip and drama! Our work is demanding enough without all the gossip and drama!

In conclusion, we feel that Diederich is just upset about the whole incident....And, ironically he never complained about the pay matters until this letter. We are sad to know that he has made such a desperate attempt to show his anger towards us...We treated him like part of our small company family, gave him TOP pay in this trade, paid for his other work related expenses, as mentioned.... Since Diederich is such a skilled worker, we would be happy to give any perspective employer a good reference for him....even after all this work related drama that has happened! We have been very kind and fair to Diederich during his employment with us. He should consider moving on with his life and not

wasting any more time of ours, of the courts and and of the attorneys with these ridiculously, and untrue claims....Thanks for your time!

*[signature]*
Denise A. Spiva

*[signature]*
Moises H. Pizaña

Stamp Concrete and Pavers, Inc.


CC:

United States District Court

For the Southern District of Florida

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| DIEDERICH MAYORGA and all others similarly situated under 29 U.S.C. 216(B),<br><br>Plaintiff,<br>vs.<br><br>STAMP CONCRETE & PAVERS, INC.<br>MOISES H PIZANA CHAVERO,<br><br>Defendants. | 13-CV-81274-Rosenbaum/Hunt<br><br>12/13/13<br>11:35 AM<br>AZ   CER# 132Y |

## SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)
MOISES H PIZANA CHAVERO
1331 South Federal Highway, Unit 304
Boynton Beach, FL 33435

A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

                J.H. Zidell, Esq.
                J.H. Zidell P.A.
            300 71ST Street, Suite 605
            Miami Beach, Florida 33141

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



## SUMMONS

Date: **December 9, 2013**

Steven M. Larimore
Clerk of Court

s/ Bonnie Bernard
Deputy Clerk
U.S. District Courts

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DIEDERICH MAYORGA and all others )
similarly situated under 29 U.S.C. 216(B), )
)
         Plaintiff, )
vs. )
)
STAMP CONCRETE & PAVERS, INC. )
MOISES H PIZANA CHAVERO, )
)
         Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, DIEDERICH MAYORGA on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, STAMP CONCRETE & PAVERS, INC., and MOISES H PIZANA CHAVERO, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant STAMP CONCRETE & PAVERS, INC. is a stamp concrete corporation that regularly transacts business within Palm Beach County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant MOISES H PIZANA CHAVERO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Palm Beach County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate...."

9. Plaintiff worked for Defendants as a driver of materials for Defendants' stamp concrete business from on or about June 15, 2013 through on or about November 30, 2013.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to

the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the year 2012.

13. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2013 and is expected to exceed $500,000 for the year 2013.

14. Between the period of on or about June 15, 2013 through on or about November 30, 2013, Plaintiff worked an average of 98 hours a week for Defendants but was only paid an average of $25.00 per hour for the first 56 hours worked a week, was never paid the extra half time rate for the first 16 hours worked over 40 hours in a week, nor was Plaintiff paid at all for the remaining 42 hours worked over 40 hours in a week. Plaintiff therefore claims the half time overtime rate for the first 16 hours worked above 40 in a week and the time-and-a-half overtime rate for the remaining 42 hours worked above 40 in a week.

15. The above pay rate is based upon the agreement that between Plaintiff and Defendants that Plaintiff would work 8 hours per day at a rate of $25.00 per hour, but Plaintiff ended up working 14-hour work days instead.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair

Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                          Respectfully Submitted,

                                          J.H. Zidell, Esq.
                                          J.H. Zidell, P.A.
                                          Attorney For Plaintiff
                                          300 71st Street, Suite 605
                                          Miami Beach, Florida 33141
                                          Tel: (305) 865-6766
                                          Fax: (305) 865-7167

                                          By:__/s/ J.H. Zidell_____
                                              J.H. Zidell, Esq.
                                              Florida Bar Number: 0010121

*Stamp Concrete and Pavers*

**Payroll Details Report**  *# of days worked*  Print  Stamp Concrete & Pavers Inc

Jan 01 - Dec 31, 2013

| Pay | | Amt | Deductions | Amt | Employee-paid Taxes | Amt | Company-paid Taxes | Amt |
|---|---|---|---|---|---|---|---|---|
| MAYORGA, DIEDERICH Net $306.51 11/22/2013 11/16/13 - 11/22/13 | Regular | 3.00 | $600.00 | Repayment Florida Dept of Revenue | $0.00 $206.27 | FIT SS Med | $41.32 $37.20 $8.70 | FUTA SS Med FL SUI | $0.00 $37.20 $8.70 $16.20 |
| MAYORGA, DIEDERICH Net $306.51 11/15/2013 11/09/13 - 11/15/13 | Regular | 3.00 | $600.00 | Repayment Florida Dept of Revenue | $0.00 $206.27 | FIT SS Med | $41.32 $37.20 $8.70 | FUTA SS Med FL SUI | $1.20 $37.20 $8.70 $16.20 |
| MAYORGA, DIEDERICH Net $306.51 11/08/2013 11/02/13 - 11/08/13 | Regular | 3.00 | $600.00 | Repayment Florida Dept of Revenue | $0.00 $206.27 | FIT SS Med | $41.32 $37.20 $8.70 | FUTA SS Med FL SUI | $3.60 $37.20 $8.70 $16.20 |
| MAYORGA, DIEDERICH Net $306.51 11/01/2013 10/26/13 - 11/01/13 | Regular | 3.00 | $600.00 | Repayment Florida Dept of Revenue | $0.00 $206.27 | FIT SS Med | $41.32 $37.20 $8.70 | FUTA SS Med FL SUI | $3.60 $37.20 $8.70 $16.20 |
| MAYORGA, DIEDERICH Net $306.51 10/25/2013 10/19/13 - 10/25/13 | Regular | 3.00 | $600.00 | Repayment Florida Dept of Revenue | $0.00 $206.27 | FIT SS Med | $41.32 $37.20 $8.70 | FUTA SS Med FL SUI | $3.60 $37.20 $8.70 $16.20 |
| MAYORGA, DIEDERICH Net $306.51 10/18/2013 10/12/13 - 10/18/13 | Regular | 3.00 | $600.00 | Repayment Florida Dept of Revenue | $0.00 $206.27 | FIT SS Med | $41.32 $37.20 $8.70 | FUTA SS Med FL SUI | $3.60 $37.20 $8.70 $16.20 |
| MAYORGA, DIEDERICH Net $178.06 10/11/2013 10/05/13 - 10/11/13 | Regular | 2.00 | $400.00 | Repayment Florida Dept of Revenue | $0.00 $178.07 | FIT SS Med | $13.27 $24.80 $5.80 | FUTA SS Med FL SUI | $2.40 $24.80 $5.80 $10.80 |
| MAYORGA, DIEDERICH Net $178.06 10/04/2013 09/28/13 - 10/04/13 | Regular | 2.00 | $400.00 | Repayment Florida Dept of Revenue | $0.00 $178.07 | FIT SS Med | $13.27 $24.80 $5.80 | FUTA SS Med FL SUI | $2.40 $24.80 $5.80 $10.80 |
| MAYORGA, DIEDERICH Net $512.78 09/27/2013 09/21/13 - 09/27/13 | Regular | 3.00 | $600.00 | Repayment | $0.00 | FIT SS Med | $41.32 $37.20 $8.70 | FUTA SS Med FL SUI | $3.60 $37.20 $8.70 $16.20 |
| MAYORGA, DIEDERICH Net $512.78 09/13/2013 09/07/13 - 09/13/13 | Regular | 3.00 | $600.00 | Repayment | $0.00 | FIT SS Med | $41.32 $37.20 $8.70 | FUTA SS Med FL SUI | $3.60 $37.20 $8.70 $16.20 |
| MAYORGA, DIEDERICH Net $818.62 09/06/2013 08/31/13 - 09/06/13 | Regular | 5.00 | $1,000.00 | Repayment | $0.00 | FIT SS Med | $104.88 $62.00 $14.50 | FUTA SS Med FL SUI | $6.00 $62.00 $14.50 $27.00 |
| MAYORGA, DIEDERICH Net $512.78 08/30/2013 08/24/13 - 08/30/13 | Regular | 3.00 | $600.00 | Repayment | $0.00 | FIT SS Med | $41.32 $37.20 $8.70 | FUTA SS Med FL SUI | $3.60 $37.20 $8.70 $16.20 |
| MAYORGA, DIEDERICH Net $567.46 08/23/2013 08/17/13 - 08/23/13 | Regular | 4.00 | $800.00 | Repayment | $186.00 | FIT SS Med | $71.32 $49.60 $11.60 | FUTA SS Med FL SUI | $4.80 $49.60 $11.60 $21.60 |

**Total**

| Net $5,119.62 | Regular | 40.00 | $8,800.00 | Repayment Florida Dept of Revenue | $186.00 $1,503.78 | FIT SS Med | $574.52 $496.00 $116.00 | FUTA SS Med FL SUI | $42.00 $496.00 $116.00 $216.00 |
|---|---|---|---|---|---|---|---|---|---|

**Grand Total**

| Net $5,119.62 | | 40.00 | $8,000.00 | | $1,603.78 | | $1,186.52 | | $870.00 |
|---|---|---|---|---|---|---|---|---|---|

https://fullservicepayroll.intuit.com/reports/payrollDetailsPrinterFriendly.jsf?daterange=3...   12/13/2013



| Designated Fax Numbers | |
|---|---|
| Payroll: | (727) 682-6005 |
| Online Payroll: | (727) 682-0251 |
| New Client Setup: | (727) 682-6003 |

## SOUTH EAST PERSONNEL LEASING, INC. (*SPLI) EMPLOYEE LEASING APPLICATION

✓ = Applicant Complete       ★ = Applicant Sign       ✱ = Client Company Complete/Sign

✓ Applicant Name: **Mayorga** (Last) **Diederich** (First) ___ (Mid Int.)   ✓ SSN: **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**

✓ Client Company: **PROFILE USA, INC.**

✓ Job Description: **Contrucion**       ✓ Date of Birth: **02-26-1983**

✓ Applicant Phone: **786-306-7138**       ✓ Application Date: **06-19-2013**

✓ Applicant Address: **1035 NW 3 st #2** (Number and Street)  ___ (Apt or Lot #)
**Miami** (City)   **FL** (State)   **33128** (Zip)

I understand and agree to the following: I am not yet a leased employee of SPLI. If I suffer an injury or have suffered an injury related to work while working for the Client Company but before I am accepted as a leased employee by SPLI, the Client Company (not SPLI) will be responsible for providing Workers' Compensation Coverage, even if I am paid by SPLI or subsequently accepted as an employee of SPLI. I will not be accepted as an employee of SPLI, and workers' compensation coverage will not be provided by SPLI for any accidents until after all pages of the SPLI Employee Leasing Application are completed and signed by me, the complete SPLI Employee Leasing Application is delivered to SPLI, and SPLI accepts me as a leased employee.

The SPLI Employee Leasing Application includes all of the following documents: This page, the Applicant Acknowledgement, the Safe Working Practices Acknowledgement, Acknowledgement of the Post Accident/Reasonable Suspicion Program, Form I-9, and Form W-4. I also acknowledge I have received my copy of the Drug and Alcohol Abuse Notice.

★ _[signature]_   ✓ **06-19-2013**
Applicant's Signature   Date

**CLIENT COMPANY COMPLETE:**

✱ State Applicant will be working in: _____   ✱ Pay Rate: $ **200.—**

✱ Home Department: _____   ✱ W/C Code: _____

* SPLI means South East Personnel Leasing, Inc. and its subsidiaries.

Florida - Revised 7/26/11

Southeast Personal Cleaning

| Name | Client Name | Check Date | Ck Num | Reg Rate | Reg Hours (Days Weekly) | Gross Pay | Taxes | Deductions | Direct Deposit | NetPay |
|---|---|---|---|---|---|---|---|---|---|---|
| MAYORGA, DIEDERICH | Profile (FL) USA, Inc. | 6/28/2013 | 2045921 | 200.00 | 1.00 | 200.00 | 15.30 | - | - | 184.70 |
| MAYORGA, DIEDERICH | Profile (FL) USA, Inc. | 7/5/2013 | 2059079 | 200.00 | 2.00 | 400.00 | 43.87 | - | - | 356.13 |
| MAYORGA, DIEDERICH | Profile (FL) USA, Inc. | 7/12/2013 | 2074655 | 200.00 | 2.00 | 400.00 | 43.87 | 211.27 | - | 144.86 |
| MAYORGA, DIEDERICH | Profile (FL) USA, Inc. | 7/19/2013 | 2089752 | 200.00 | 3.00 | 600.00 | 87.22 | 208.27 | - | 304.51 |
| MAYORGA, DIEDERICH | Profile (FL) USA, Inc. | 7/26/2013 | 2104594 | 200.00 | 2.00 | 400.00 | 43.87 | 208.27 | 147.86 | - |
| MAYORGA, DIEDERICH | Profile (FL) USA, Inc. | 8/2/2013 | 2118930 | 200.00 | 2.00 | 400.00 | 43.87 | 208.27 | 147.86 | - |
| MAYORGA, DIEDERICH | Profile (FL) USA, Inc. | 8/16/2013 | 2150675 | 200.00 | 3.00 | 600.00 | 87.22 | 208.27 | 304.51 | - |
| Total | | | | 1,460.00 | 15.00 | 3,000.00 | 365.22 | 1,044.35 | 600.23 | 990.20 |

South East Employee Leasing, Inc.

2739 U.S. Highway 19 North

Holiday, FL 34691

TEL: (800) 966-5562

FEIN: 59-3744258

Thanks,



**South East Employee Leasing, Inc.**

| | | | |
|---|---|---|---|
| Employee | MAYORGA, DIEDERICH | Pay Type | Hourly |
| SSN | ***-**-1004 | Department | STAMP CONCRETE PAVERS, INC |
| Occupation | CONSTRUCTION | Check Date | 8/16/2013 |
| Address | 1035 NW 3RD ST APT#H-2 | Period End | 8/10/2013 |
| | MIAMI, FL 33128 | | |

| Earnings and Other Pay | Hours | Rate | Amount | YTD |
|---|---|---|---|---|
| Regular | 3.00 | 200.00 | $600.00 | $3,000.00 |

| Deductions and Adjustments | Amount | YTD |
|---|---|---|
| Support Fee | $2.00 | $13.00 |
| CHILD SUPPORT | $206.27 | $1,031.35 |
| Direct Deposit | $304.51 | $600.23 |

| Statutory Withholding | Amount | YTD |
|---|---|---|
| Federal | $41.32 | $135.72 |
| FICA - OASDI | $37.20 | $186.00 |
| Medicare - FICA | $8.70 | $43.50 |

| Totals | Earnings | Deductions | Net |
|---|---|---|---|
| Current | $600.00 | $295.49 | $304.51 |
| YTD | $3,000.00 | $1,409.57 | $1,590.43 |



# HARVEY RUVIN
## CLERK OF THE CIRCUIT AND COUNTY COURTS
### Dade County, Florida

**DISTRICT COURTS DIVISION**

Date: 1/3/14

Address: 1331 S. Federal Hwy #304 Boynton Beach, Fl 33435

Re: 13-CV-81274-RSV

Dear: Mr./Mrs.

Our office would like to provide you prompt and efficient service, however, we regret we must return your document(s) for the following reasons:

- ☐ ENCLOSED CHECK IS NOT SIGNED
- ☐ NO FILING FEE ENCLOSED
- ☐ COMPLAINT IS NOT SIGNED
- ☐ INCORRECT SUMMONS
- ☐ ADDITIONAL FILING FEE OF $_____ IS REQUIRED – PAYABLE TO: CLERK OF COURTS
- ☐ DOCUMENT MUST BE NOTARIZED
- ☐ NEED AN ORIGINAL COMPAINT AND _____ COPIES
- ☐ EACH PRE-TRIAL MUST BE FILLED OUT (FRONT AND BACK)
- ☐ RECORDING FEE NOT PAID
- ☒ OTHER: Please file in appropriate court. Belongs to U.S. District Court for Southern District of Florida

TO ENSURE PROMPT HANDLING OF THIS MATTER, PLEASE MAIL THE CORRECTED DOCUMENTS TO THE ADDRESS SHOWN ABOVE AND TO THE ATTENTION OF THE UNDERSIGNED DEPUTY CLERK.

Sincerely,

Harvey Ruvin,
Clerk of Court

By: _____
Deputy Clerk

☐ Joseph Caleb Center
5400 NW 22nd Avenue, Suite #205
Miami, Florida 33142

☐ Miami Beach District Court
1130 Washington Avenue, Suite # 224
Miami Beach, Florida 33139

☐ Hialeah District Court
11 E. 6th Street
Hialeah, Florida 33010

☐ Coral Gables District Court
3100 Ponce de Leon Blvd.
Coral Gables, Florida 33134

☐ North Dade Justice Center
15555 Biscayne Boulevard, Suite # 100
Miami, Florida 33160

☐ South Dade Justice Center
10710 SW 211th Street, Suite # 1200
Miami, Florida 33189

Administrative Services Division - Central Depository - Civil Division - Clerk of the Board - Comptroller/Auditor Criminal Division - District Courts Division - Family Division - Juvenile Division - Marriage License - Parking Violations Recording - Records/Archives Management - Technical Services Division - Traffic Division

DIST/CT PC FORM 001 REV. 8/06

1/14/14

Stamp Concrete & Pavers
561-880-1527 754-551-1027

I'm sending this back per instructions given in this letter. If this is not the correct place please call me and let me know where

