UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:13-cv-81274-RSR

DIEDERICH MAYORGA, on his own
behalf and others similarly situated,

    Plaintiff,

vs.

STAMP CONCRETE & PAVERS, INC.,
a Florida corporation, and MOISES H
PIZANA CHAVERO, Individually,

    Defendants.
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

The Defendants, STAMP CONCRETE & PAVERS, INC., a Florida corporation, and MOISES H PIZANA CHAVERO, Individually(hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Complaint, as follows:

Defendants deny each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below. Defendants also specifically reserve the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery. Defendants' Answer to each of the specifically enumerated paragraphs of the Complaint is as follows:

1. Defendants admit that Plaintiff purports to bring a claim arising under the FLSA, but deny that there is any such claim and further deny the allegations, inferences and legal conclusions contained in Paragraph 1 of the Plaintiff's Complaint and demand strict proof thereof. Further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action

and demand strict proof thereof.

  2. Defendants deny for want of knowledge the allegations, inferences and legal conclusions contained in Paragraph 2 of the Plaintiff's Complaint and demand strict proof thereof.

  3. Defendants admit that the corporate Defendant is a stamp concrete corporation that transacts business within Palm Beach County. Otherwise, Defendants deny for want of knowledge the allegations, inferences and legal conclusions contained in Paragraph 3 of Plaintiff's Complaint and demand strict proof thereof.

  4. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 4 of the Plaintiff's Complaint and demand strict proof thereof.

  5. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 5 of the Plaintiff's Complaint and demand strict proof thereof.

  6. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 6 of the Plaintiff's Complaint and demand strict proof thereof. Further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

  7. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 7 of the Plaintiff's Complaint and demand strict proof thereof.

  8. With regard to Paragraph 8 of the Plaintiff's Complaint, it is an averment to which no response is necessary as the statute speaks for itself. Further, Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 8 of the Plaintiff's Complaint and demand strict proof thereof.

9. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 9 of the Plaintiff's Complaint and demand strict proof thereof.

10. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 10 of the Plaintiff's Complaint and demand strict proof thereof.

11. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 11 of the Plaintiff's Complaint and demand strict proof thereof.

12. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 12 of the Plaintiff's Complaint and demand strict proof thereof.

13. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 13 of the Plaintiff's Complaint and demand strict proof thereof.

14. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 14 of the Plaintiff's Complaint and demand strict proof thereof.

15. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 15 of the Plaintiff's Complaint and demand strict proof thereof.

16. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 16 of the Plaintiff's Complaint and demand strict proof thereof.

Defendants deny that Plaintiff or any other individual is entitled to any of the damages or relief sought in the WHEREFORE clause of the Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

17. As and for their First Affirmative Defense, and to the extent that Plaintiff attempts to bring this action on behalf of other similarly situated employees, Defendants state that there exist no similarly situated employees and/or no similarly situated employees who desire to opt-in to this action.

18. As and for their Second Affirmative Defense, Defendants state that none of their actions were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

19. As and for their Third Affirmative Defense, Defendants state that the Plaintiff's claims for liquidated damages are barred because Defendants at all times material hereto acted in good faith and had reasonable grounds for believing that their policies and practices were not violations of the FLSA, as amended.

20. As and for their Fourth Affirmative Defense, Defendants state that all or part of the Plaintiff's claims is barred by the applicable statute of limitations.

21. As and for their Fifth Affirmative Defense, Defendants state that the Plaintiff's claims are subject to the estoppel provisions of the Portal-to-Portal Act, to the extent that Plaintiff purports to bring this action as a representative action.

22. As and for their Sixth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because Defendants at all times material hereto acted in good faith in conformity with and in reliance on written administrative regulations, order, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

23. As and for their Seventh Affirmative Defense, Defendants state that Plaintiff has failed to state a claim upon which relief may be granted.

24. As and for their Eighth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because any hours worked by the Plaintiff over forty in any particular workweek for which he was not properly paid was without the knowledge, either actual or constructive, of Defendants.

25. As and for their Ninth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because he has been properly paid.

26. As and for their Tenth Affirmative Defense, Defendants state that the Plaintiff's claims are barred by the "de minimus" doctrine.

27. As and for their Eleventh Affirmative Defense, Defendants state that the Plaintiff's claims are barred because this Court lacks subject matter jurisdiction over this matter.

28. As and for their Twelfth Affirmative Defense, Defendants state that the Plaintiff's claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

29. As and for their Thirteenth Affirmative Defense, Defendants state that the Plaintiff's claims against MOISES H PIZANA CHAVERO, in his individual capacity, are barred because he is not an "employer" within the meaning of the Fair Labor Standards Act.

30. As and for their Fourteenth Affirmative Defense, Defendants state that to the extent Plaintiff is entitled to recover any unpaid overtime compensation, Plaintiff only is entitled to a half-time rate for those overtime hours as he was paid a day rate of pay.

Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

## DEMAND FOR COSTS AND ATTORNEY'S FEES

Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiff's claims because the claims have been brought in bad faith. *See, e.g., Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985), and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998).

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendants pray that this Honorable Court dismiss with prejudice Plaintiff's claims in full, tax costs against the

Plaintiff and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan*, P.A., 775 F.2d 1541 (11th Cir. 1985).

Dated: January 31, 2014  
Boca Raton, FL

Respectfully submitted,

*s/ Daniel R. Levine*  
DANIEL R. LEVINE, ESQ.  
Florida Bar No. 0057861  
E-mail:  drlevine@bennardolevine.com  
BENNARDO LEVINE LLP  
1860 NW Boca Raton Blvd.  
Boca Raton, FL  33432  
Telephone:   (561) 392-8074  
Facsimile:    (561) 368-6478  
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Diederick Mayorga et al. v. Stamp Concrete & Pavers, Inc., et al.*
Case No. 9:13-cv-81274-RSR
United States District Court, Southern District of Florida

| | |
|---|---|
| Christopher Nathaniel Cochran, Esq.<br>E-Mail: cnc02g@gmail.com<br>J.H. Zidell, P.A.<br>300 71st Street<br>Suite 605<br>Miami Beach, FL 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br>Counsel for Plaintiff<br>*Via CM/ECF* | Daniel R. Levine, Esq.<br>E-Mail:  drlevine@bennardolevine.com<br>Bennardo Levine LLP<br>1860 NW Boca Raton Blvd.<br>Boca Raton, FL  33432<br>Telephone:   (561) 392-8074<br>Facsimile:    (561) 368-6478<br>Counsel for Defendants<br>*Via CM/ECF* |
| Daniel T. Feld, Esq.<br>E-Mail: DanielFeld.Esq@Gmail.com<br>J.H. Zidell, P.A.<br>300 71st Street<br>Suite 605<br>Miami Beach, FL 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br>Counsel for Plaintiff<br>*Via CM/ECF* | Jamie H. Zidell, Esq.<br>E-Mail zabogado@aol.com<br>J.H. Zidell, P.A.<br>300 71st Street<br>Suite 605<br>Miami Beach, FL 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br>Counsel for Plaintiff<br>*Via CM/ECF* |