UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81274-CIV-SELTZER

CONSENT CASE

DIEDERICH MAYORGA, and all others
similarly situated under 29 U.S.C. 216(b),

      Plaintiff,

vs.

STAMP CONCRETE & PAVERS, INC.,
MOISES H PIZANA CHAVERO,

      Defendants.
_____/

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT

THIS CAUSE is before the Court on Plaintiff's Motion for Entry of Default (DE 46) and was referred to the undersigned Magistrate Judge pursuant to the consent of the parties.

On December 16, 2013, Plaintiff Diederich Mayorga brought this action against Stamp Concrete & Pavers, Inc. and Moises H Pizana Chavreo, alleging that Defendants failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA") (DE 1).  On January 31, 2014, Defendants, through counsel, filed a joint Answer and Affirmative Defenses to the Complaint (DE 20).

On November 3, 2014, Defendants' counsel, Bennardo Levine LLP, moved to withdraw its representation (DE 38); a copy of that Motion was served on Defendants at their last confirmed address.  Thereafter, the Court entered an Order (DE 39) setting a hearing on counsel's Motion to Withdraw as Counsel for Defendants for December 2,

2014; the Order required Defendants to appear at the hearing.  Additionally, the Order

provided:

> Defendants are advised that should the Court permit their counsel to withdraw its representation, Defendant Stamp Concrete & Pavers, Inc. must retain new counsel.  "The rule is well established that a corporation is an artificial entity that can only act through agents, cannot appear *pro se*, and must be represented by counsel." <u>Palazzo v Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985).  "This rule applies even where the individual seeking to represent the corporation is an officer or major shareholder." <u>Wolfe v. Rodriquez</u>, No. 13-60709, 2013 WL 6885176, at *3 (S.D. Fla. Dec. 31, 2013). **Failure of the corporate defendant to retain new counsel may result in a default judgment being entered against it.** However, Defendant Moises H Pizana Chavero, as an individual, may proceed on his own behalf without an attorney.

November 20, 2014 Order (DE 39) (emphasis added).  Defendants' counsel was required

to serve a copy of the Court's Order and a copy of its Motion to Withdraw on both

Defendants by certified mail, return receipt requested.

On December 2, 2014, the Court conducted a hearing on the Motion to Withdraw

as Counsel for Defendants.  At the hearing, Defendants' attorney, Daniel R. Levine,

represented to the Court that he had served (by certified mail) a letter and a copy of the

Order setting the hearing on both Defendants.  Neither Defendant, however, appeared at

the hearing.  Following the hearing, the Court granted Defendants' counsel's Motion to

Withdraw and relieved attorney Levine and Bennardo Levine LLP from all further

responsibility for representing Defendants.  January 8, 2015 Order (DE 43).  The Court

also afforded Defendants until February 7, 2015, to retain new counsel.  Additionally, the

Court reminded Defendant Stamp Concrete & Pavers that a corporation cannot appear

*pro se*, but rather must be represented by an attorney.  And the Court again cautioned the

2

corporate defendant that failure to retain new counsel could result in a default judgment entered against it.[1]   The Court served the Order on each Defendant at its last known address, and neither Order was returned as undeliverable.

Defendants, however, failed to retain new counsel by the February 7, 2015 deadline.[2]   On February 16, 2015, Plaintiff filed the instant Motion for Entry of Default against Defendant Stamp Concrete & Pavers, Inc. (DE 46) for failing to retain new counsel as ordered by the Court.   The corporate defendant has not responded to the Motion, and its time for doing so has passed.

As the Supreme Court has observed, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." Rowland v. Cal. Men's Colonly, Unit II Men's Advisory Coun., 506 U.S. 194, 202 (1993); see also Palazzo v Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can only act through agents, cannot appear *pro se*, and must be represented by counsel.").   Courts have ruled that a corporation's failure to retain new counsel after the withdrawal of its initial counsel is a valid basis for a court to enter a default and a default judgment against the corporation, notwithstanding that it (through counsel) had previously filed an answer to the complaint. See, e.g., Barnett v. AS & I, LLC, No. 3:13-cv-2464-BN, 2014 WL 1641905, at *1-2 (N.D.

---

[1]   The Court also informed Defendant Moises H Pinzana Chavero that by  February 7, 2015, he was to either have new counsel appear on his behalf or to notify the Court that he intended to proceed *pro se*.  The Court further informed Defendant Chavero that if he failed to do so, the Court would assume he wished to proceed *pro se*.  As no attorney has yet appeared on behalf of Defendant Chavero, and as he has not notified the Court of his intentions, the Court assumes that he intends to defend this action without an attorney.

[2]   As of the date of this Order, no counsel has appeared for either Defendant.

Tex. Apr. 24, 2014) (pursuant to Federal Rule of Civil Procedure 55(a), default entered against limited liability corporation where its attorney withdrew and it failed to retain new counsel after being ordered by court to do so); Christa Constr., LLC v. Connelly Drywall, LLC, 879 F. Supp. 2d 389, 391 (W.D.N.Y. 2012) (corporation's "refusal to comply with a court order mandating it to appear by counsel, notwithstanding its filing of answer by counsel who subsequently withdrew, constitutes a default for failure to 'otherwise defend'" under Rule 55; default judgment entered against corporate defendant); Next Proteins, Inc. v. Distinct Beverages, Inc., No. 09 CV 4534(DRH)(ETB), 2012 WL 314871, at *1-2 (E.D.N.Y. Feb. 1, 2012) (default judgment as to liability entered pursuant to Rule 55(a) against corporation that failed to retain new counsel after initial counsel withdrew); Kapusta v. Wings, Etc., LLC, No. 2L20-1388-MBS-BM, 2011 WL 1883033, at *1 (D.S.C Apr. 15, 2011) (recommending corporate defendants' answer and counterclaim be stricken and default be entered against corporation where it failed to obtain substitute counsel after being required by court to do so) (Report and Recommendation adopted in 2011 WL 1883029 (D.S.C May 18, 2011)); Galtieri-Carlson v. Victoria M. Morton Enter., Inc., No. 2:08-cv-01777 FCD KJN PS, 2010 WL 3386473, at *2-3 (E.D. Cal. Aug. 26, 2010) (default judgment entered as sanction pursuant to court's inherent power against corporate defendants that failed to comply with court's order to retain new counsel after their initial counsel had withdrawn).

Here, after permitting counsel for Defendant Stamp Concrete & Pavers, Inc. to withdraw, the Court ordered the corporate defendant to retain counsel by February 7, 2015. To date, however, no counsel has entered an appearance on its behalf, despite this Court having twice cautioned the corporate defendant that failure to retain new

counsel could result in the entry of a default judgment against it. Without legal representation, Stamp Concrete & Pavers, Inc. cannot appear herein to defend this action. Accordingly, it is hereby ORDERED as follows:

(1)     Plaintiff's Motion for Entry of Default (DE 46) is GRANTED;

(2)     The Clerk of the Court is directed to enter a default against Defendant Stamp Concrete & Pavers, Inc., pursuant to Rule 55(a), for failure to "otherwise defend" this action.

DONE AND ORDERED in Fort Lauderdale, Florida, this 23rd day of March 2015.

BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record

Stamp Concrete & Pavers, Inc.
c/o Denise Spiva
230 Cherry Avenue
Merritt Island, FL 32953

Moises H Pizano Chavero
c/o Denise Spiva
230 Cherry Avenue
Merritt Island, Florida 32953