UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81274-CIV-COHN/SELTZER

DIEDERICH MAYORGA and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

STAMP CONCRETE & PAVERS, INC.,
a Florida corporation, and MOISES H
PIZANA CHAVERO,

    Defendants.
_____/

FILED BY _____ D.C.

MAY 1 2 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

CONSIDERATION OF THE EVIDENCE
DUTY TO FOLLOW INSTRUCTIONS
(No Corporate Party Involved)

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with the law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## CREDIBILITY OF WITNESSES

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## BURDEN OF PROOF
### When Only Plaintiff Has Burden of Proof

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, et seq.

Plaintiff Diederich Mayorga brought this action against Stamp Concrete & Pavers, Inc. and Moises H. Pizanza Chavero. ("Pizana"). Stamp Concrete & Pavers, Inc. is no longer part of this case, and you will only be considering the liability, if any, of Pizana.

Mayorga contends that while working at an hourly rate at Stamp Concrete & Pavers, Inc, under the supervision of Pizana, he worked more than 40 hours each week from June 15, 2013, to November 22, 2013, and was not paid the overtime compensation due him under the federal Fair Labor Standards Act, also known as the FLSA. In this case, Mayorga contends that he worked 98 hours per week or 58 hours of overtime. For the first 16 hours of overtime, he claims that he was paid solely his hourly or regular rate of $25.00 and is therefore due an additional $12.50 for each of those additional 16 hours, or $200 per week. For the remaining 42 hours of overtime, Mayorga claims that he received no compensation and is therefore due $37.50 for each of those additional 42 hours, or $1,575 per week. In sum, Mayorga contends that is he due an additional $1,775 in compensation for each week that he worked.

Pizana contends that Stamp Concrete & Pavers, Inc. employed Mayorga only from August 17, 2013, to November 22, 2013, and before that time Mayorga was an employee of SouthEast Personnel Leasing, Inc. and Profile USA, Inc. Pizana further contends that Mayorga was paid at a daily rate, that Mayorga never worked more than 40 hours in a week, that Mayorga was always paid the full amount he was due, and that he is therefore not due any additional monies.

To succeed on his claim against Moises Pizana, Diederich Mayorga must prove each of the following facts by a preponderance of the evidence:

> First: Moises Pizana was an employer as defined by the Fair Labor Standards Act.
>
> Second: Moises Pizana failed to pay Diederich Mayorga overtime pay due him under the law.

In the verdict form that I will explain to you in a moment, you will be asked to answer questions about these factual issues.

An "employer" under the Fair Labor Standards Act includes any person acting directly or indirectly in the interest of an employer in relation to an employee. To prove the first element, Plaintiff Mayorga must show that Moises Pizana was involved in the day-to-day operations of Stamp Concrete & Paving, Inc. or had some direct responsibility for the supervision of Mayorga. Some factors that may be considered are whether Pinzana was involved in the compensation of employees, determined employee salaries, hired or fired employees, or took other action in relation to an employee. Status as a corporate officer alone is insufficient to render an individual an employer and to hold that officer personally liable for unpaid wages.

If you find that Moises Pizana was an "employer" as defined by the FLSA, then he will be liable for any overtime compensation that may be due Diederich Mayorga.

The FLSA requires an employer to pay an employee at least one-and one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of one and one-half times the "regular rate" for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

With respect to the second element, Plaintiff Mayorga claims that he was an hourly

employee earning $25 per hour. By contrast, Pizana claims that Mayorga was a daily employee earning $200 per day.

For an hourly employee, the "regular rate" is simply the hourly rate, and the overtime rate is one and a half times that regular rate. Let me give you an example, if an employee earns $20 per hour, that was his regular rate and his overtime rate would be $30 per hour. If that employee worked 10 overtime hours but was paid his "regular rate" for each of those 10 overtime hours, then he would be due just an additional $10 for each overtime hour worked, or $100. On the other hand, if that employee worked 10 overtime hours and received no compensation, then we would be due $30 for each of those 10 overtime hours, or $300.

For a daily employee, however, the "regular rate" is determined by dividing the total wages paid for the week by the total number of hours he worked each week. Once the "regular rate" is determined, then the additional amount owed for overtime is determined by multiplying the total number of hours worked each week in excess of 40, if any, by the additional half-time pay he would be due for each of these overtime hours. For example, if an employee is paid $200 per day for 5 days, or $1,000 per week, but that employee worked 50 hours that week, then the "regular rate" would be $1,000 divided by 50 hours, or $20 per hour. Because the number of hours worked that week exceeds 40 hours, then the employee would be due an additional $10 – which is one half the regular rate of $20 – for each of those 10 overtime hours, or $100 in overtime compensation.

Under the law, all work weeks stand alone. The law does not permit the averaging of hours worked among work weeks. Therefore, if you find that Mayorga worked more than 40 hours in a particular week, you cannot reduce that number of overtime hours by

Mayorga in other weeks. Nor can you increase any overtime hours in other weeks. Again, each week must be considered by itself, without regard to any other week.

The FLSA requires an employer to keep records of how many hours his employees work and the amount they are paid. In this case, Mayorga claims that Pizana failed to keep and maintain adequate records of his hours and pay. Mayorga also claims that Pizana's failure to keep and maintain adequate records has made it difficult for Mayorga to prove the exact amount of his claim.

If you find that Pizana failed to keep adequate time and pay records for Mayorga and that Mayorga performed work for which he should have been paid, Mayorga may recover a reasonable estimation of the amount of his damages. But to recover this amount, Mayorga must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

## DUTY TO DELIBERATE
### When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Finally, during your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or

7

Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORM(S)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Court Security Officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81274-CIV-SELTZER

DIEDERICH MAYORGA,

       Plaintiff,

vs.

STAMP CONCRETE & PAVERS, INC.,
and MOISES H PIZANA CHAVERO,

       Defendants.
_____/

## VERDICT FORM

1. Do you find that Plaintiff Diedrich Mayorga proved by a preponderance of the evidence that Defendant Moises Pizana was an "employer" of Mayorga, that is, that he had day-to-day control of the operations of the company and had some direct supervision over employees, including the payment of wages to employees.

       Answer: Yes or No _____

If your answer is Yes, continue to question No. 2.

If your answer is No, you have completed your deliberations. Please sign and date the Verdict Form and notify the court security officer that you have reached a verdict.

2. Do you find that Plaintiff Mayorga proved by a preponderance of the evidence that Defendant Pizana failed to pay Mayorga overtime wages as required by law?

       Answer: Yes or No _____

If your answer is Yes, continue to question No. 4.

If your answer is No, you have completed your deliberations. Please sign and date the Verdict Form and notify the court security officer that you have reached a verdict.

3.  Which do you find was the compensation agreement between Plaintiff Mayorga and Stamp Concrete & Pavers, Inc.? (Check (a) or (b)):

    a.  Plaintiff Mayorga was an hourly employee earning $25 per hour? \_\_\_\_\_

    b.  Plaintiff Mayorga was a daily employee earning $200 per day?  \_\_\_\_\_

4.  For what period of time do you find that Plaintiff Mayorga worked for Stamp Concrete & Pavers, Inc.? (Check (a) or (b)):

    a.  August 17, 2013 through November 22, 2013 (13 Weeks) ? _____

    b.  June 15, 2013, through November 22, 2013 (22 Weeks)?  _____

5.  What is the amount of overtime wages that you find are due Plaintiff Mayorga?

    $_____

Please sign and date the Verdict Form and notify the court security officer that you have reached a verdict.

SO SAY WE ALL.


Date: _____          Foreperson: _____

2