UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.13-81274-CIV-SELTZER

CONSENT CASE

DIEDERICH MAYORGA, and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiff,

vs.

STAMP CONCRETE & PAVERS, INC.,
MOISES H PIZANA CHAVERO,

    Defendants.
_____/

## ORDER DISMISSING CLAIMS AGAINST STAMP CONCRETE & PAVERS, INC.

THIS CAUSE is before the Court *sua sponte*.

Plaintiff Diederich Mayorga brought this action against Stamp Concrete & Pavers, Inc. ("Stamp Concrete" or the "corporate defendant") and Moises H. Pizana Chavero ("Pizana") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-206. The Complaint alleged that Stamp Concrete was Plaintiff's "FLSA employer" from approximately June 15, 2013, through November 30, 2013. The Complaint further alleged that Defendant Pizana was "an officer and/or owner and/or manager" of the corporate defendant and that he was also Plaintiff's employer within the meaning of the FLSA in that he ran the day-to-day operations of Stamp Concrete, controlled Plaintiff's work and schedule, and was responsible for paying Plaintiff's wages. According to the Complaint, Defendants failed to pay him overtime wages for work in excess of 40 hours per week and that Defendants are jointly and severally liable for the payment of those overtime wages.

Defendants Stamp Concrete and Pizana filed a Joint Answer (DE 20), denying the material allegations of the Complaint and asserting affirmative defenses.[1] At the time they filed their Answer, Defendants were represented by Bernando Levine LLP and Daniel Levine of that law firm. During the course of the litigation, however, Defendants' counsel moved to withdraw their representation (DE 43). When it set a hearing on the Motion (DE 39), the Court advised Defendants that were it to permit counsel to withdraw, Defendant Pizana (as an individual) could appear on his own behalf but that Stamp Concrete would be required to retain counsel as a corporation may only appear through counsel.[2] The Court advised Stamp Concrete that failure to retain new counsel could result in a default judgment being entered against it. Neither Defendant appeared at the hearing. Thereafter, the Court permitted Defendants' counsel to withdraw their representation and required Defendants to retain new counsel by a date certain. The Court again cautioned Stamp Concrete that if it failed to do so, a default judgment could be entered against it (DE 43). Neither Defendant, however, retained counsel.[3] Upon Plaintiff's Motion (DE 46), the Court directed the Clerk to enter a default against the corporate defendant, Stamp

---

[1] Pursuant to the consent of the parties, on June 17, 2014, the District Judge transferred the case to the undersigned "for all further proceedings and the entry of judgment." Order of Transfer (DE 33).

[2] See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can only act through agents, cannot appear *pro se*, and must be represented by counsel.").

[3] The Court assumed that Defendant Pizana would be proceeding *pro se*.

Concrete (DE 49), and the Clerk did so (DE 50).[4]

Beginning on May 11, 2015, a two-day jury trial was held. Plaintiff Mayorga was represented by counsel, and Defendant Pizana proceeded *pro se.* The primary issue before the jury was whether Plaintiff Mayorga was owed overtime wages.[5] Only two witnesses testified – Plaintiff Mayorga and Defendant Pizana. Plaintiff testified that during the approximately six month period he was employed by Stamp Concrete and Pizana, he worked 98 hours per week and, therefore, was due overtime wages for 58 hours each of those weeks. By contrast, Defendant testified that Plaintiff never worked more than 40 hours per week and, therefore, was not owed any overtime wages. The jury found that Plaintiff failed to prove by a preponderance of the evidence that Defendant Pizana failed to pay him overtime wages due him under the law. See Verdict Form, Interrogatory No. 2 (DE 64). Accordingly, the Court entered Final Judgment in favor of Defendant Pizana (DE 65).

The issue now before the Court is the status of the defaulting defendant – Stamp Concrete – in light of the jury finding that no overtime wages were due Plaintiff. The general rule, derived from the seminal case of Frow v. De La Vega, 82 U.S. 552 (1872),

---

[4] See Barnett v. AS & I, LLC, No. 3:13-cv-2464-BN, 2014 WL 1641905, at *1-2 (N.D. Tex. Apr. 24, 2014) (default entered against limited liability corporation where its attorney withdrew and it failed to obtain new counsel after being ordered by the court to do so); Christa Constr., LLC v. Connelly Drywall, LLC, 879 F. Supp. 2d 389, 391 (W.D.N.Y. 2012) (corporation's "refusal to comply with a court order mandating it to appear by counsel, notwithstanding its filing of answer by counsel who subsequently withdrew, constitutes a default for failure to 'otherwise defend'" under Federal Rule of Civil Procedure 55).

[5] By special interrogatory, the jury was also asked to decide whether Defendant Pizana was Plaintiff Mayorga's employer within the meaning of the FLSA. The jury answered in the affirmative. See July Verdict Form (DE 64).

is that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." Hitachi Medical Sys. Am. v. Horizon Med. Group, No. 5: 07CV02035, 2008 WL 5704471, at *3 (N.D. Ohio Jan. 28, 2008) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (3rd ed. 1998)). The concern of the Court in Frow was avoiding inconsistent adjudications. Id. Although some circuits have declined to apply the rule in Frow where liability is joint and several (as opposed to joint), see e.g., In re Uranium Antitrust Litig., 617 F.2d 1248, 1257 (7th Cir. 1980), "[s]everal circuits, including the Eleventh, have found Frow applies to situations where defendants are jointly and severally liable, or have closely related defenses." Febles v. S & G Investco Inc., No. 09-60988, 2010 WL 2893345, at *3 (S.D. Fla. July 22, 2010) (Cohn, D.J.) (citing Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984) (noting that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against defaulting defendant if the other defendant prevails on the merits"). As one district court has explained, "[t]he relevant distinction . . . is not whether liability is joint or joint and several. Instead, the question turns on 'whether under the theory of the complaint, liability of all the defendants must be uniform.'" Hitachi Medical Sys., 2008 WL 5704471, at *3 (quoting Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001)) (internal citations omitted).

Here, both Stamp Concrete and Pizana were co-employers of Plaintiff and, hence, were similarly situated. And Plaintiff asserted the same claim for overtime wages against both Defendants. Additionally, the defenses of both Defendants were identical. It would

4

be "incongruous and unfair" to permit Plaintiff Mayorga to collect a judgment against Stamp Concrete (the defaulting defendant) for overtime wages where the jury found that Plaintiff failed to prove that Pizana (the answering defendant) owed him any overtime wages.  See Gulf Coast Fans, 740 F.2d at 1511 (noting that it would be "incongruous and unfair" to permit a plaintiff to collect a judgment against a defaulting defendant on a contract when a jury in another case against a defendant under the same contract had found that the plaintiff itself had breached that contract).  Accordingly, it is hereby ORDERED that all claims against Defendant Stamp Concrete & Pavers, Inc. are DISMISSED with prejudice.

DONE AND ORDERED in Fort Lauderdale, Florida, this 4th day of June 2015.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Counsel of record

Moises H Pizano Chavero
c/o Denise Spiva
230 Cherry Avenue
Merritt Island, Florida 32953

Moises H Pizano Chavero
3225 N. Grapevine Mills Blvd.
Apt. 3412
Grapevine, TX  76051

Stamp Concrete & Pavers, Inc.
c/o Denise Spiva
230 Cherry Avenue
Merritt Island, FL 32953